**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RYAN HERRERA,** | : | **Civil Action No.** |
| **220 South 47th St., Apt. 35** | : | |
| **Philadelphia, PA 19139** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **YMCA OF READING & BERKS** | : | |
| **COUNTY,** | : | |
| **631 Washington Street** | : | |
| **Reading, PA 19601** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Ryan Herrera (hereinafter "Plaintiff"), by and through his attorney, Koller Law,

LLC, bring this civil matter against YMCA of Reading & Berks County (hereinafter "Defendant"),

for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the

Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant YMCA of Reading & Berks County is non-profit

   organization with a location and corporate headquarters at 631 Washington Street,

Reading, PA 19601.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on May 24, 2024, alleging retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2024-06420 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated February 4, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On November 9, 2009, Defendant hired Plaintiff in the position of Case Manager Assistant.

21. Defendant promoted Plaintiff to multiple positions throughout his tenure.

22. On or about April 1, 2021, Defendant promoted Plaintiff to the position of Executive Director of Social Services.

23. Plaintiff was well qualified for his position and performed well.

### PLAINTIFF OBSERVED AN EMPLOYEE IN A SEXUALLY COMPROMISING POSITION WITH AN UNDERAGE FEMALE EMPLOYEE AND REPORTED IT TO DEFENDANT

24. In June 2023, Plaintiff observed C.B., Ken Borkley, Jr.'s, COO, son and employee of Defendant in a sexually compromising position with an underage female employee.

25. Plaintiff sent an email detailing this incident in accordance with Defendant's policies and procedures.

### DEFENDANT REFUSED PLAINTIFF'S REQUEST TO FILE A FORMAL COMPLAINT WITH ITS INSURER

26. Plaintiff requested to file a formal complaint about the incident as what he observed violated the terms of Defendant's insurance policy with Redwoods, Defendant's Insurer.

27. The policy states that, "No YMCA employee may have any sexual contact with anyone under the age of 18, regardless of consent or the state age of consent" or words to that effect.

28. Plaintiff was reporting conduct which reasonably could be interpreted as sexual harassment in the workplace.

29. Plaintiff made this request in good faith.

30. Defendant informed Plaintiff that no incident needed to be filed with Redwoods since C.B. was being terminated.

31. Upon information and belief, no incident report was filed regarding this incident.

### DEFENDANT WITNESSED TREATMENT COURT STAFF RACIALLY DISCRIMINATE AGAINST HIS SUBORDINATE

32. Plaintiff observed communications with the probation staff of the Treatment Court and the staff he supervised at Defendant.

33. Plaintiff learned about statements being made to his subordinate which was disparaging and discriminatory remarks about people of color and people in recovery for addiction.

### PLAINTIFF SENT A LETTER COMPLAINING OF THE RACE DISCRIMINATION TO THE TREATMENT COURT

34. On July 19, 2023, Plaintiff sent a letter to the judges of the Treatment Court to address his concerns about the stigmatizing and racially discriminatory remarks.

35. Plaintiff also communicated that this treatment could be the result of, and could cause, racial tension between Defendant and the Treatment Court staff.

36. Plaintiff specifically cited the Treatment Court staff not wanting to defer to a person of color for advice and allowing a person of color to take the lead on the decision-making regarding a client as examples.

### THE TREATMENT COURT THREATENED TO PULL FUNDING FROM DEFENDANT IN RESPONSE TO PLAINTIFF'S COMPLAINT OF RACE DISCRIMINATION

37. In response, on or about July 24, 2023, the Treatment Court threatened to pull funding from Defendant based on Plaintiff's letter objecting to and bringing attention to discriminatory treatment and disparaging remarks being made by Treatment Court staff.

## DEFENDANT ATTEMPTED TO FORCE PLAINTIFF'S RESIGNATION

38. On July 31, 2023, Defendant attempted to force Plaintiff to resign.

39. Plaintiff did not do anything wrong and did not resign.

40. In fact, he engaged in protected opposition activity in standing up against, and in opposition to, racially discriminatory comments and conduct by the Treatment Court staff.

## DEFENDANT TERMINATED PLAINTIFF

41. Defendant proceeded to terminate Plaintiff for alleged insubordination.

42. Defendant did not follow its progressive disciplinary policy during its termination of Plaintiff.

43. Borkley was involved in both the Treatment Court discipline and the discipline of his son following Plaintiff's report of conduct which, in good faith he believed, could violate Title VII and the PHRA.

44. Defendant terminated Plaintiff in retaliation for engaging in protected activity related to his reports of sexual harassment in the workplace in connection with his complaint of sexually inappropriate conduct and in to his opposition conduct related to race discrimination in violation of Title VII and the PHRA.

45. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

46. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

47. Plaintiff engaged in activity protected by Title VII.

48. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

49. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

50. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

51. Plaintiff engaged in activity protected by PHRA.

52. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

53. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Ryan Herrera, requests that the Court grant him the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

7

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC


Date: May 5, 2026              By:  */s/David M. Koller*
                                    David M. Koller, Esquire
                                    Jordan D. Santo, Esquire
                                    2043 Locust Street, Suite 1B
                                    Philadelphia, PA 19103
                                    215-545-8917
                                    davidk@kollerlawfirm.com
                                    jordans@kollerlawfirm.com

                                    *Counsel for Plaintiff*

9